# EXHIBIT A

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

LOURDES A. JASPER

      **Plaintiff,**                  **CASE NO.: CACE-19-022282**

vs.

DISTANCE LEARNING SYSTEMS INDIANA, INC,

and

TILSON HR OF FLORIDA, INC,

      **Defendants.**

_____/

### SUMMONS IN A CIVIL CASE

TO: **TILSON HR OF FLORIDA, INC THROUGH ITS REGISTERED AGENT:**

COGENCY GLOBAL INC.
115 NORTH CALHOUN ST.
SUITE 4
TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY**

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
COURTHOUSE TOWER
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL. 33130

An answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                       JUL 06 2021
                                              DATE

(BY) DEPUTY CLERK
**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

LOURDES A. JASPER

      **Plaintiff,**                     **CASE NO.: CACE-19-022282**

**vs.**

**DISTANCE LEARNING SYSTEMS INDIANA, INC,**

**and**

**TILSON HR OF FLORIDA, INC,**

      **Defendants.**

_____/

### SUMMONS IN A CIVIL CASE

**TO: DISTANCE LEARNING SYSTEMS INDIANA, INC THROUGH ITS REGISTERED AGENT:**

DERRICK CHRISTY
4513 W CR 144,
BARGERSVILLE, INDIANNA, 46106

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY**

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
COURTHOUSE TOWER
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL. 33130

An answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          JUL 06 2021
CLERK                               _____
                                              DATE

(BY) DEPUTY CLERK
**BRENDA D. FORMAN**

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA**

**LOURDES A. JASPER**

   **Plaintiff,**         **CASE NO.: CACE-19-022282**

vs.

**DISTANCE LEARNING SYSTEMS INDIANA, INC,**

and

**TILSON HR OF FLORIDA, INC,**

   **Defendants.**

_____/

**AMENDED COMPLAINT**

 **COMES NOW** Plaintiff, LOURDES A. JASPER ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, **DISTANCE LEARNING SYSTEMS INDIANA, INC** and **TILSON HR OF FLORIDA, INC,** ("Defendant"), and alleges as follows:

 1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful gender and national-origin-based discriminatory treatment of Plaintiff.

 2. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

 3. Defendant is a Corporation authorized to conduct business in the State of Florida.

 4. Venue is proper in Broward County because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Broward County.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5.  Plaintiff is a female individual of Cuban national origin, and within a class of individuals protected by Title VII and the FCRA.

6.  On or about July, 2014, Plaintiff was hired by Defendants as a Regional Program Administrator.

7.  Defendants both served as Joint Employers to Plaintiff.

8.  Plaintiff was the only Hispanic individual employed by Defendant with this title.

9.  On June 12, 2015, Plaintiff attended a sales conference call with National Sales manager, Jack Wodock ("Mr. Wodock").

10. Mr. Wodock made racially derogatory comments such as "People we cater to are from the lower side of the tracks and you poor single moms can relate to them."

11. Two other female sales representatives, Kathy Vorisek and Katrina Colhane (White Americans), were also at the meeting and heard the comments made by Mr. Wodock.

12. Kathy Vorisek and Katrina Colhane both complained to human resources about the derogatory comments made by Mr. Wodock.

13. On June 15, 2015, Human Resources Manager, Tim O'Malley ("Mr. O'Malley) interviewed Plaintiff as part of an internal investigation where Plaintiff provided Mr. O'Malley several examples of inappropriate comments made by Mr. Wodock towards single mothers, Blacks, Hispanics and people from the Caribbean.

14. After participating in the internal investigation, on June 22, 2015, Mr. Wodock informed Plaintiff that she would be covering only the Miami-Dade, Broward and West Palm Beach counties and the remaining region would be assigned to Mr. James Smith, a White American Male.

15. Once reassigned to Plaintiff's new region, Plaintiff's pay and earning potential decreased.

16. Any reason proffered by Defendant for Plaintiff's demotion is mere pretext for unlawful discrimination. Throughout her employment Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she did perform her job at satisfactory or above-satisfactory levels.

17. Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of gender and national origin with the Equal Employment Opportunity Commission (Charge Number 510-2015-03738C) and received a Right to Sue letter dated July 31, 2019.

18. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I**
***Gender Discrimination in Violation of Title VII against DISTANCE LEARNING SYSTEMS INDIANA, INC***

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

20. Plaintiff is a member of a protected class under Title VII.

21. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to animosity based on gender.

22. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Female.

23. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

24. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

25. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*National Origin Discrimination in Violation of Title VII against DISTANCE LEARNING SYSTEMS INDIANA, INC*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

31. Plaintiff is a member of a protected class under Title VII.

32. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

33. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
***National Origin Discrimination in Violation the FCRA against DISTANCE LEARNING
SYSTEMS INDIANA, INC***

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

42. Plaintiff is a member of a protected class under the FCRA.

43. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

44. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

45. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

46. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

47. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

48. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

49. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

50. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

51. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT IV
### Gender Discrimination in Violation of the FCRA against DISTANCE LEARNING SYSTEMS INDIANA, INC

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as

if set out in full herein.

53. Plaintiff is a member of a protected class under the FCRA.

54. By the conduct describe above, Defendants have engaged in discrimination against

Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

55. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have

been the object of discrimination but for the fact that Plaintiff is female.

56. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's

protected rights.   Defendants and their supervisory personnel were aware that discrimination on

the basis of gender was unlawful but acted in reckless disregard of the law.

57. At all times material hereto, the employees exhibiting discriminatory conduct towards

Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendants.

58. Defendants retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

59. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

60. The conduct of Defendants, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

61. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

62. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

    a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT V
### *Gender Discrimination in Violation of Title VII against TILSON HR OF FLORIDA, INC*

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

64. Plaintiff is a member of a protected class under Title VII.

65. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to animosity based on gender.

66. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Female.

67. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

68. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

69. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

70. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

71. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

72. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

73. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

g.   Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

h.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

l.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
*National Origin Discrimination in Violation of Title VII against TILSON HR OF FLORIDA, INC*

74. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this

complaint as if set out in full herein.

75. Plaintiff is a member of a protected class under Title VII.

76. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

77. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

78. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

79. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

80. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

82. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

83. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law,

to punish the Defendant for its actions and to deter it, and others, from such action in the future.

84. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    g.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

    h.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    j.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    k.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
*National Origin Discrimination in Violation the FCRA against TILSON HR OF FLORIDA, INC*

85. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

86. Plaintiff is a member of a protected class under the FCRA.

87. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

88. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

89. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

90. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

91. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

92. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

93. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

94. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

95. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

g.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

h.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *Gender Discrimination in Violation of the FCRA against TILSON HR OF FLORIDA, INC*

96. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

97. Plaintiff is a member of a protected class under the FCRA.

98. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

99. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

100.    Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

101.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

102.    Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

103.    As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

104.    The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

105.    The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

106.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

g.  Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h.  Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: 7/2/2021

                               Respectfully submitted,

                               /s/Rainier Regueiro _____
                               Rainier Regueiro, Esq.
                               Florida Bar No.: 115578
                               **REMER & GEORGES-PIERRE, PLLC**
                               44 West Flagler Street
                               Suite 2200
                               Miami, FL 33130
                               Tel. (305) 416-5000
                               Fax: (305) 416-5005

IN THE CIRCUIT COURT, 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-19-022282

LOURDES A. JASPER,

      Plaintiff,

vs.

DISTANCE LEARNING SYSTEMS INDIANA, INC,

And

TILSON HR OF FLORIDA, INC,

      Defendants.

_____ /

### DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Distance Learning Systems Indiana, Inc. and Tilson HR of Florida, Inc. hereby move for a 14-day enlargement of time, through and including August 11, 2021, to serve their response to Plaintiff's Amended Complaint.  In support of this Motion, Defendants state the following:

1.      Plaintiff served initial process (Amended Complaint) on Defendants on or about July 8, 2021. Thus, Defendants' response is presently due on July 28, 2021.

2.      Defendants' undersigned counsel was just recently retained.  Both he and the Defendants require additional time to investigate the averments in Plaintiff's Amended Complaint and to prepare an appropriate response.

3.      For all the reasons described above, Defendants require a 14-day extension of time to prepare a response to Plaintiff's Amended Complaint.

4.      This motion is not being presented for purposes of delay or any other improper purpose. The requested extension will not prejudice Plaintiff or any other individual with an interest in this action.

## CERTIFICATE OF GOOD-FAITH CONFERENCE WITH OPPOSING COUNSEL

5.      Counsel for Defendants certifies that he has consulted with Plaintiff's counsel in an effort to resolve the relief requested herein by agreement. Plaintiff's counsel Rainier Regueiro, Esquire, agreed to the requested 14-day extension for Defendants to respond to Plaintiff's Amended Complaint, through and including August 11, 2021.

6.      For the reasons described above, good cause exists for the requested extension.

WHEREFORE, Defendants Distance Learning Systems Indiana, Inc. and Tilson HR of Florida, Inc. request a 14-day enlargement of time, through and including August 11, 2021, within which to respond to Plaintiff's Amended Complaint.

Dated: July 23, 2021.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*s/ Gregory R. Hawran*
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendants,*
*Distance Learning Systems Indiana, Inc.*
*and*
*Tilson HR of Florida, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2021, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

s/ Gregory R. Hawran
Gregory R. Hawran

## SERVICE LIST

*Lourdes A. Jasper v. Distance Learning Systems Indiana, Inc. and Tilson HR of Florida, Inc.*
*17th Judicial Circuit in and for Broward County, Florida*
*CASE NO.: CACE-19-022282*

Rainier Regueiro
rregueiro@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005

*Counsel for Plaintiff, Lourdes A. Jasper*

Method of Service: Florida E-Filing Portal

Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:  305.374.0456

*Counsel for Defendants,*
*Distance Learning Systems Indiana, Inc. and*
*Tilson HR of Florida, Inc.*

47927758.1

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE19022282</u>  DIVISION  <u>08</u>  JUDGE  <u>David A Haimes</u>

**Lourdes A Jasper**

Plaintiff(s) / Petitioner(s)

v.

**Distance Learning Center Systems, et al**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER

THIS ACTION came before the Court on Defendants Distance Learning Systems Indiana, Inc. and Tilson HR of Florida, Inc.'s Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint.  The Court having reviewed the motion, considered the agreement of the parties, and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Motion be and the same is hereby **GRANTED**. Defendants shall have to and including **August 11, 2021** in which to file their Response to Plaintiff's Amended Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>07-23-2021</u>.

<u>CACE19022282 07-23-2021 1:54 PM</u>

Hon. David A Haimes

**CIRCUIT JUDGE**

Electronically Signed by David A Haimes

**Copies Furnished To:**

Gregory R. Hawran , E-mail : greg.hawran@ogletreedeakins.com

Gregory R. Hawran , E-mail : kelly.reyes@ogletreedeakins.com

Gregory R. Hawran , E-mail : robert.borroto@ogletreedeakins.com

Rainier Regueiro , E-mail : aziani@rgpattorneys.com

Rainier Regueiro , E-mail : gcellini@rgpattorneys.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19022282
JUDGE: Haimes, David A. (08)

Lourdes A Jasper
Plaintiff(s),

vs.

Distance Learning Center Systems, et al
Defendant(s).
_____/

### ORDER SETTING CASE MANAGEMENT CONFERENCE

In accordance with Florida Rule of Civil Procedure 1.200, the Court hereby orders a **MANDATORY** Case Management Conference to be held in Courtroom
16170 or Zoom: https://17thflcourts.zoom.us/j/111475745
of the Broward County Courthouse, 201 SE 6th Street, Ft Lauderdale, FL 33301
on 09-30-2021 9:00 AM
Check Court Procedures to determine Court or Zoom.

All counsel and any self-represented parties **MUST** appear at the hearing and have their calendars to schedule future matters. This hearing may be cancelled: (1) if the action is settled and a final order of dismissal is issued; or (2) if the action is dismissed. All counsel have the responsibility to inform the Court of a settlement of the case. All counsel shall serve any self-represented parties with this Order, within five (5) days of receipt.

**FAILURE TO APPEAR AS DIRECTED MAY RESULT IN THE DISMISSAL OF THE ACTION OR OTHER SANCTIONS.**

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on July 29, 2021                                                     .

CACE19022282 07-29-2021 10:56 AM
CACE19022282 07-29-2021 10:56 AM
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**